IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MICHEAL ALLEN and NATHAN SCOTT HARRIS, | § § § | |
| Plaintiffs | § § | |
| vs. | § § | CIVIL ACTION NO. 7:16-CV-00047 DAE |
| PRIORITY ENERGY SERVICES, LLC, PRIORITY WELL TESTING, LLC and K&B OILFIELD SERVICES, INC. | § § § § | |
| Defendants. | § § | |

**<u>DEFENDANT K&B OILFIELD SERVICES, INC.'s MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SEVER AND STAY THE SEVERED PROCEEDINGS</u>**

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to Federal Rules of Civil Procedure 20 and 21, Defendant K&B Oilfield Services, Inc. ("K&B") respectfully moves this Court to dismiss K&B from this lawsuit without prejudice or, in the alternative, sever it from this lawsuit and, upon granting such severance, stay all proceedings against K&B until a determination of liability against the remaining defendantsis made.

**I.     INTRODUCTION**

Plaintiffs Micheal Allen and Nathan Scott Harris ("Plaintiffs") joined K&B in this action, alleging that K&B is a successor in liability. K&B asks this Court to dismiss or, alternatively, sever it from this action because, at this late stage of the litigation: (i) Plaintiffs have not alleged any right of relief against K&B that arises out of the same transaction, occurrence, or series of transactions or occurrences alleged against the remaining defendants in this action; (ii) there is no common question of law or fact amongst all parties; and (iii) dismissing K&B or severing it with a stay of proceedings is in the interest of justice.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are former employees of Defendants Priority Energy Services, LLC ("PES") and Priority Well Testing, LLC ("PWT") (collectively, "the Priority Defendants"). Plaintiffs filed this action against the Priority Defendants on February 15, 2016, alleging that the Priority Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them overtime. On March 3, 2017, Plaintiffs filed their Second Amended Complaint, seeking to join K&B in this action as an alleged "successor in liability" under the FLSA. Plaintiffs never worked for K&B and are entirely unknown to K&B. *See* Affidavit of Tony King ("King Aff."), attached as Exh. 1, ¶ 4. K&B denies that it is a successor in liability. Rather, K&B merely purchased the assets of the Priority Defendants, at market price, which K&B now uses to serve its preexisting customers. *Id.* at ¶ 2, 6. Prior to purchasing the Priority Defendants' assets, K&B was unaware of this ongoing action. *Id.* at ¶ 2. After the purchase, K&B hired only ten of the approximately 100 Priority Defendants' employees (none of whom served in any supervisory or leadership positions at K&B) and did not in any way continue the operations of PWT. *Id.* at ¶¶ 4, 6.

Plaintiffs served K&B with process of their Second Amended Complaint via alternative service on April 13, 2017. The deadline to amend pleadings was August 1, 2016 (*i.e.*, seven months before Plaintiffs filed their Second Amended Complaint and eight months before that Amended Complaint was served on K&B). Discovery closed on March 30, 2017, and dispositive motions were due on May 1, 2017, which were both prior to K&B's original deadline to file a responsive pleading. The only thing remaining now is trial on the merits, assuming the pending motions for summary judgment are ultimately denied. Nonetheless, Plaintiffs seek to hold K&B responsible for any judgment they may recover, without any opportunity by K&B to develop its defenses.

### III. ARGUMENTS AND AUTHORITY

The Fifth Circuit and the Western District of Texas have not expressly recognized the availability of successor liability in FLSA actions. *Washington v. Patterson-UTI Energy, Inc.*, 2016 U.S. Dist. LEXIS 70475, at *9 (W.D. Tex. May 31, 2016). However, it appears that all federal courts to consider the issue have adopted it as a viable theory. *Cuervo v. Airport Servs., Inc.*, 984 F. Supp. 2d 1333, 1337 (S.D. Fla. 2013). Further, defendants in this district who have attempted to argue that such claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) have ultimately been unsuccessful in dismissing the claim on that basis. *See, e.g., Washington*, 2016 U.S. Dist. LEXIS 70475 at *24-25 (allowed to re-plead); *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 947 (N.D. Tex. 2014) (allowed to re-plead); *Cooke v. Jaspers*, 2010 U.S. Dist. LEXIS 21913, *17 (S.D. Tex. Mar. 10, 2010) (re-joined after re-pleading).

However, K&B does not assert that Plaintiffs failed to state a claim upon which relief may be granted. Rather, K&B asserts that Plaintiffs are unable to meet the permissive joinder requirements of Rule 20(a)2). K&B further asserts that, at this late stage of the litigation and on the eve of a trial that may render K&B's involvement moot, joinder of K&B is not in the interest of justice because it does not ensure judicial economy, will unnecessarily increase expenses for all parties, and will confuse the jury and prejudice K&B. Accordingly, K&B respectfully requests that it be dismissed from this action without prejudice or, alternatively, that the claim of successor liability against K&B be severed from this action. However, because K&B's potential liability is dependent upon Plaintiffs first obtaining a judgment against the Priority Defendants, K&B further requests that – if Plaintiffs' claim against it is severed – the severed proceedings be stayed pending a favorable outcome for the Plaintiffs.

### A. Joinder Under Rules 20 and 21

Federal Rule of Civil Procedure 21 provides, in relevant part, that: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. "The rule does not define the grounds for misjoinder, but it is well-settled that parties are misjoined when the preconditions for permissive joinder in Rule 20(a) are not met." *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478, 479 (D.N.H. 2002) (defendants were misjoined). Under Rule 20, joinder of a defendant is appropriate only if: (a) any right to relief is asserted against it jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, **and** (b) any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a)(2)(A),(B). *Kiel v. Tex. Parks & Wildlife Dep't*, 2015 U.S. Dist. LEXIS 184020, at *6-7 (W.D. Tex. Oct. 2, 2015).

### B. Plaintiffs Cannot Satisfy the Requirements of Fed. R. Civ. P. 20(a)(2)(A)

Plaintiffs' right to relief against the Priority Defendants arises out of an employment relationship between Plaintiffs and the Priority Defendants, and there is no argument by Plaintiffs that K&B was a joint employer of Plaintiffs or that K&B employed Plaintiffs at any time. As such, Plaintiffs cannot establish that any right to relief is asserted against the Priority Defendants and K&B, jointly or severally, as required by Rule 20(a)(2)(A).

Plaintiffs are also unable to establish that their claims against the Priority Defendants and K&B arise out of the same transaction, occurrence, or series of transactions or occurrences, as also required by Rule 20(a)(2)(A). The Fifth Circuit has not endorsed a specific test to determine what constitutes "the same transaction or occurrence." *Kiel*, 2015 U.S. Dist. LEXIS 184020, at

*8. However, the Western District of Texas has applied the "logically related" test. *Id.* Under that test, joinder is appropriate if the claims for relief against the defendants are all "reasonably related." *Id.* In ascertaining whether a particular set of facts constitutes a single transaction, courts generally use a case-by-case approach. *Id.*

Some courts have recognized, in some circumstances, that a successor employer in an FLSA action can meet the same transaction test for joinder. *See, e.g., McCormick v. Festiva Dev. Group, LLC*, 269 F.R.D. 59 (D. Maine 2010); *Kolosky v. Anchor Hocking Corp.*, 585 F. Supp. 746 (W.D. Pa. 1983). Those cases, however, are entirely different from this case. For example, in *McCormick*, both the original and joined defendants employed the plaintiffs, discovery had only just begun, the pay practices remained the same, and both defendants would need to be involved in developing a defense to the alleged unlawful pay practices. *McCormick*, 269 F.R.D. at 61, 63-66. Similarly, in *Kolosky*, the plaintiffs adduced <u>undisputed</u> evidence that the successor had continued the same disputed employment practices as the predecessor. *Kolosky*, 585 F. Supp. at 749-50.

Here, the defendants are not alleged to have acted in concert, they are not alleged to have violated the same law, the Plaintiffs never worked for K&B, and K&B and the Priority Defendants have entirely different defenses. *See, e.g., Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994) (factors to consider include whether the alleged conduct happened during the same general time period and involved the same people and similar conduct); *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240, 241 (E.D.N.Y. 2003) (use of "distinct and unrelated acts by unrelated defendants as basis for joinder is not proper"). *Compare Hanley v. First Investors Corp.*, 151 F.R.D. 76, 80 (E.D. Tex. 1993) (finding proper joinder because "there is a common pattern of claims alleging the same culpable conduct [by the same parties] over the same period of time").

More specifically, the transaction or occurrence at issue in this lawsuit concerns the employment of Plaintiffs by the Priority Defendants and their agreement with those Defendants regarding compensation and job duties. As such, joinder of K&B, which is not a party to the underlying employment relationship but is being joined only to ensure collection on a potential judgment against the Priority Defendants, is not proper. *See Armco Steel Corp. v. United States*, 490 F.2d 688, 691 (8th Cir. 1974) (joinder was improper because "[t]he necessity of joinder here relate[d] only to a possible remedy. . . ."); *Beaulieu,* 208 F.R.D. at 480 (severing the two defendants because plaintiff's claim against one defendant was whether that defendant was liable for plaintiff's injuries, while her claim against the second defendant was whether it should pay for plaintiff's injuries).

### C. Plaintiffs Cannot Satisfy the Requirements of Fed. R. Civ. P. 20(a)(2)(B)

Even if Plaintiffs could meet the requirements of Rule 20(a)(2)(A), which they cannot, they must also meet the requirement of Rule 20(a)(2)(B) that at least some question of law or fact be common to all defendants in this action. *Kiel*, 2015 U.S. Dist. LEXIS 184020, at *8. Plaintiffs cannot do so. Specifically, Plaintiffs' claims relate solely to how they were paid by the Priority Defendants and if those pay practices by the Priority Defendants were lawful. Because K&B has never employed or compensated either of the Plaintiffs, only the Priority Defendants can speak to these factual and legal issues. In contrast, Plaintiffs' claim against K&B relates solely to whether K&B should pay any damages that the jury may award against the Priority Defendants. In this situation, dismissal or severance of the defendant who was joined solely for the issue of payment of any liability is appropriate. *Beaulieu,* 208 F.R.D. at 480.

Further, any right to relief against K&B arises, <u>if at all</u>, only if Plaintiffs: (i) prevail in their action against the Priority Defendants; and (ii) can meet the successor liability test against

K&B.  More specifically, the questions of fact and law as they relate to K&B involve: (i) whether K&B had notice of the pending lawsuit prior to acquiring the assets of the Priority Defendants; (ii) the ability of the Priority Defendants to provide relief; (iii) whether there has been a substantial continuity of business operations; (iv) whether K&B uses the same plant; (v) whether K&B uses the same or substantially the same work force; (vi) whether K&B uses the same or substantially the same supervisory personnel; (vii) whether the same jobs exist under substantially the same working conditions; (viii) whether K&B uses the same machinery, equipment, and methods of production; and (ix) whether K&B produces the same product.  *See Rojas v. TK Communs.*, 87 F.3d 745, 750 (5th Cir. 1996).  As demonstrated by the attached affidavit of Tony King, these factors are disputed and will require separate discovery on these distinct questions of fact and law.  Notably, however, such discovery will be needed <u>only if Plaintiffs prevail on their FLSA claims</u>.  Further, discovery in this matter is already closed.  *Compare Tindall v. H&S Homes, LLC*, 2011 U.S. Dist. LEXIS 104611 (M.D. Ga. Sept. 15, 2011) (joinder was appropriate despite the late stage in the case where there was no indication that additional discovery would be necessary or that additional issues would arise as a result of the joinder).  Accordingly, because potential successor liability has been raised so late in the litigation, it seems more appropriate that liability against K&B be determined at a later time, if such determination is even necessary.  *See, e.g., De Ping Song v. 47 Old Country, Inc.*, 975 F. Supp. 2d 288 (E.D. N.Y. 2013) (post-judgment joinder of alleged successor in FLSA liability); *Crude Co. v. United States DOE*, 189 F.R.D. 1, 2-3, FN4 (D.D.C. 1999) (recognizing post-judgment joinder as permissible but ultimately denying the joinder of the party allegedly able to pay the judgment due to an unexplained 3-year delay in adding it).

### D. Joining K&B at This Late Stage Is Against the Interest of Justice

Even if the Court were to find that the requirements of Rule 20 have been established, the Court has "the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Kiel*, 2015 U.S. Dist. LEXIS 184020, at *9. *See also Beaulieu*, 208 F.R.D. at 479 ("determination of whether parties have been misjoined lies within the sound discretion of the district court"); *Gruening v. Sucic*, 89 F.R.D. 573, 574 (E.D. Pa. 1981) ("Although the joinder of parties promotes trial convenience and expediency, fairness is a critical consideration."). Requiring K&B to participate as a defendant at this late stage of the litigation and prematurely before judgment would unnecessarily delay these proceedings, unfairly prejudice K&B and the Priority Defendants by requiring them and the Plaintiffs to incur potentially unnecessary legal fees and expenses, and confuse the jury. *See, e.g., Intercon Resarch Assocs.*, 696 F.2d 53, 58 (7th Cir. 1982) ("It would violate principles of fundamental fairness to require [a joined defendant] to expend time and expense of defending in an action brought to merely ensure payment of any judgment rendered against the two principal defendants.").

As noted above, K&B's liability, if any, is – as a practical matter – first contingent upon Plaintiffs prevailing in their action against the Priority Defendants. Thereafter, K&B's liability, if any, is contingent upon the ability of Plaintiffs to establish that K&B is a successor in liability, which K&B disputes. This second requirement of proof will necessitate additional discovery and legal arguments. Had K&B been joined earlier in this litigation, it could have efficiently established its defenses during the depositions and through the written discovery already taken and exchanged in this case. Now, however, the Court would need to re-open discovery, continue the proceedings, and delay the trial on the merits. Doing so is not in the interest of judicial

efficiency because the Court may grant the Priority Defendants' motion for summary judgment or, if the matter proceeds to trial, the jury may find in favor of the Priority Defendants. Should either of those eventualities occur, K&B's involvement in this matter becomes moot. *See Armco Steel Corp.*, 490 F.2d at 691 (joinder was improper where "[t]he justification for joinder . . . rest[ed] on mere hypothetical speculation").

Should K&B remain joined in this action, the additional discovery that will be required will also increase legal fees and expenses for all of the parties (and, again, for an issue that may become moot). Again, therefore, dismissal or severance is appropriate. *See Norwood v. Raytheon Co.*, 2007 U.S. Dist. LEXIS 61423, at *20 (W.D. Tex. May 17, 2007) (dismissal or severance is appropriate under Rule 21 if it will not result in delay, inconvenience, or added expense).

Finally, should K&B be required to remain in this case and participate in the trial on the merits, its presence will confuse the jury and unfairly prejudice K&B. *Hard Drive Prods. v. Does 1-188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011) (courts can exercise their discretion to sever where joinder would confuse and complicate the issues). K&B had no participation in the underlying litigation and has no knowledge of the facts pertaining to the Plaintiffs' claims. As such, the jury would presumably be asked to simultaneously hear evidence regarding the Priority Defendants' liability with no input from K&B, evidence regarding the Priority Defendants' alleged inability to pay any damages, and evidence regarding whether K&B should pay any judgment the jury may render. This posture is akin to joining an insurance company and parading this alleged "deep pocket" before the jury, which has not yet decided liability on the merits. Doing so is clearly prejudicial to K&B and impermissible. *See, e.g., Gruening*, 89

F.R.D. at 574 (joining defendant's insurance company would be prejudicial because the jury would know that the defendant was insured).

## IV. PRAYER

WHEREFORE, for the reasons set forth above, K&B respectfully requests that the Court dismiss K&B from this action without prejudice, pursuant to Federal Rule of Civil Procedure 21. Alternatively, K&B requests that the Court sever Plaintiffs' claim of successor liability against K&B and, if severing that claim, stay those proceedings until Plaintiffs have secured a monetary judgment in their favor.

Dated: May 19, 2017.

Respectfully submitted,

/s/ Natalie C. Rougeux
Natalie C. Rougeux
Texas State Bar No. 24041828
nrougeux@rougeuxpllc.com
Lilia S. Marek
Texas State Bar No. 24060509
lmarek@rougeuxpllc.com
Rougeux & Associates, PLLC
595 S. Castell Ave.
New Braunfels, Texas 78130
Phone: (830) 358-7543
Fax: (830) 358-7544
ATTORNEY FOR DEFENDANT K&B Oilfield Services, Inc.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I certify that on the 19th day of May 2017, a true and correct copy of the foregoing document was electronically filed with the Clerk for the Western District of Texas and served on all parties via the CM/ECF system.

/s/ Natalie C. Rougeux
Natalie C. Rougeux